**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LUTHER W. JOHNSON,**

                **Petitioner,**

        **v.**                                          **CASE NO. 21-3211-SAC**

**DAN SCHNURR,**

                **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Respondent to file a limited Pre-Answer Response addressing the timeliness of this action.

**Background**

A jury in Wyandotte County, Kansas convicted Petitioner of premeditated first-degree murder and aggravated burglary, and the district court sentenced him to a controlling sentence of life without the possibility of parole for 25 years. *State v. Johnson*, 304 Kan. 924, 930 (2016). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed his convictions. 299 Kan. at 1040. Petitioner filed a timely motion for post-conviction relief under K.S.A. 60-1507, which was also denied.

The Wyandotte County District Court Clerk's Office has confirmed for the Court that the journal entry denying relief was filed on March 27, 2018 and Petitioner did not file his notice of

appeal until May 4, 2018. Thus, it seems that Petitioner's notice of appeal was untimely. See K.S.A. 60-2103(a) (requiring notice of appeal in a civil case to be filed within 30 days of the entry of judgment). In Kansas, the "failure to file a timely notice of appeal generally strips an appellate court of jurisdiction." *State v. Hooks*, 312 Kan. 604, 606 (2021) (citing *Albright v. State*, 292 Kan. 193, 194 (2011)).

It further appears that although Petitioner was granted leave to docket his appeal out of time, the appeal was ultimately dismissed on jurisdictional grounds. See Clerk of the Appellate Courts online database, case number 120,136. Petitioner asserts that he filed additional 60-1507 motions on August 12, 2020, and on October 30, 2020, which are pending in the state district court. Petitioner filed his federal habeas petition on September 7, 2021.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

   right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

  The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing

filing. These usually prescribe, for example, . . . the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Such circumstances include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Finally, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's direct review concluded when the KSC affirmed his convictions on August 5, 2016. Petitioner then had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run on approximately November 4, 2016. Petitioner filed his first K.S.A. 60-1507 motion on August 29, 2017, tolling the one-year limitation period. Approximately 298 days of the one-year limitation period had expired at that point, leaving approximately 67 days remaining.

The state district court denied relief on March 27, 2018. Thus, on April 28, 2018, when the 30 days during which Petitioner could have filed a timely notice of appeal were over, the one-year federal habeas limitation period resumed running. *See Gibson*, 232 F.3d at 803 (holding that the AEDPA limitations period is tolled for the time during which an individual "could have filed an appeal of the state court's denial of his application for post-conviction relief"). On the information presently before the Court, it seems that the AEDPA limitations period expired 67 days later, on approximately July 4, 2018.

However, it is not entirely clear whether the petition is untimely. The information now before the Court does not definitively show whether the KCOA dismissed the appeal from the denial of Petitioner's first 60-1507 motion for lack of jurisdiction due to the untimely notice of appeal. Moreover, Petitioner filed a second K.S.A. 60-1507 motion on August 12, 2020, and the petition seems to indicate that Petitioner may have raised in that motion an argument regarding ineffective assistance of counsel in the first 60-1507 proceedings based on the failure to timely appeal the denial of his first 60-1507 motion. (Doc. 1, p. 3.) Whether Petitioner raised

such an argument may affect the timeliness of the present petition.

In summary, the Court cannot determine from the information now before it whether this action was timely filed. Thus, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directs Respondent to file such a response limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR. Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, if necessary, the Court then will direct Petitioner to show good cause why his petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including October 11, 2021, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED: This 10th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge