```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**LUTHER W. JOHNSON,**

                  **Petitioner,**

      v.                                      CASE NO. 21-3211-SAC

**DAN SCHNURR,**

                  **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Respondent's limited Pre-Answer Response (PAR). (Doc. 8.) The Court has reviewed the PAR and for the reasons set out below, will allow Petitioner an opportunity to show cause why this matter should not be dismissed as untimely.

**Background**

A jury in Wyandotte County, Kansas convicted Petitioner of premeditated first-degree murder and aggravated burglary, and the district court sentenced him to a controlling sentence of life without the possibility of parole for 25 years. *State v. Johnson*, 304 Kan. 924, 930 (2016). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed his convictions. 299 Kan. at 1040. Petitioner filed a timely motion for post-conviction relief under K.S.A. 60-1507, which the state district court denied, and the Kansas Court of Appeals dismissed the resulting appeal for lack of jurisdiction due to Petitioner's failure to timely file his notice of appeal. Petitioner asserts that he filed additional 60-

1507 motions on August 12, 2020, and on October 30, 2020, which are pending in the state district court.

Petitioner filed his federal habeas petition on September 7, 2021. The Court conducted an initial review under Rule 4 of the Rules Governing Habeas Corpus and determined that it needed additional information to determine whether this petition was timely filed. Thus, the Court directed Respondent to file a limited PAR addressing the issue of timeliness or informing the Court that it does not intend to raise timeliness as a defense. (Doc. 3.) After obtaining an extension of time to file the PAR, Respondent did so on November 12, 2021. (Doc. 8.) In the PAR, Respondent asserts that the petition is untimely and he has attached documents to the PAR that appear to support that conclusion.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>made retroactively applicable to case on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's direct review concluded when the KSC affirmed his convictions on August 5, 2016. Petitioner then had 90 days to seek review before the United States Supreme Court. When he did not do

so, the one-year federal habeas limitation period began to run on approximately November 4, 2016. Petitioner filed his first K.S.A. 60-1507 motion in state court on August 29, 2017, tolling the one-year limitation period. Approximately 298 days of the one-year period had expired at that point, leaving approximately 67 days remaining.

The state district court denied Petitioner's 60-1507 motion on March 27, 2018. Thus, on April 28, 2018, when the 30 days during which Petitioner could have filed a timely notice of appeal were over, the one-year federal habeas limitation period resumed running. *See Gibson*, 232 F.3d at 803 (holding that the AEDPA limitations period is tolled for the time during which an individual "could have filed an appeal of the state court's denial of his application for post-conviction relief"). It expired 67 days later, on approximately July 4, 2018.[1]

The one-year limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Such circumstances include, for

---

[1] Although Petitioner filed a notice of appeal from the denial of his 60-1507 motion, he did not do so until May 4, 2018, which was past the deadline to do so. (Doc. 8-1, p. 20.) The Kansas Court of Appeals ultimately dismissed his appeal for lack of jurisdiction due to the untimely notice of appeal. (Doc. 8-1, p. 20-21.) Statutory tolling is limited to "properly filed" applications for postconviction relief. *See* 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing. These usually prescribe, for example, . . . the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Thus, the federal habeas limitation period was not statutorily tolled during the time Petitioner attempted to appeal the denial of his 60-1507 motion.

example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted). The petition in this matter does not allege circumstances that warrant equitable tolling of the one-year federal habeas limitation period.

Finally, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The petition in this matter does not allege new, reliable evidence that would justify applying the actual innocence exception here.

Thus, it appears from the petition and the information in the PAR that this petition was not timely filed and is subject to dismissal. The Court will therefore direct Petitioner to show cause, in writing, why his petition should not be dismissed as time-barred. For example, if Petitioner believes that he is entitled to statutory

or equitable tolling of the federal limitation period or that he is entitled to the actual innocence exception to the federal limitation period, he may so explain in his response to this order. If, however, Petitioner's response relies upon the 60-1507 motions he alleges he filed in state district court in 2020 or any other, more recent state-court proceedings, Petitioner must provide this Court with the case numbers of those actions and/or provide a copy of the relevant 60-1507 motions if available. The failure to file a timely response to this Notice and Order to Show Cause may result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including December 15, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed as untimely.

**IT IS SO ORDERED.**

DATED:  This 15th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge