**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LUTHER W. JOHNSON, III,**

           **Petitioner,**

        **v.**                                                  **CASE NO. 21-3211-SAC**

**DAN SCHNURR,**

           **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court upon Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding timeliness. For the reasons explained below, the Court will dismiss this matter as untimely.

**Background**

Petitioner was convicted in Wyandotte County, Kansas, of premeditated first-degree murder and aggravated burglary, and the state district court sentenced him to a controlling sentence of life without the possibility of parole for 25 years. *State v. Johnson*, 304 Kan. 924, 930 (2016). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed his convictions. *Id.* at 927. Petitioner then filed a timely motion for post-conviction relief under K.S.A. 60-1507, which the state district court denied, and the Kansas Court of Appeals (KCOA) dismissed the resulting appeal for lack of jurisdiction due to Petitioner's failure to timely file his notice of appeal. (Doc. 8-1, p. 21.)

Petitioner filed a second 60-1507 motion on August 12, 2020,

and a third 60-1507 motion on October 30, 2020, which both appear to be pending in the state district courts. He filed the current federal habeas petition on September 7, 2021. (Doc. 1.) The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Habeas Corpus and determined that it required more information to determine whether the petition was timely filed. Accordingly, the Court directed Respondent to file a limited pre-answer response (PAR) addressing the issue of timeliness. (Doc. 3.)

The PAR, which Respondent filed on November 12, 2021, asserted that the petition is untimely. (Doc. 8.) On November 15, 2021, after reviewing the PAR and the attached documents, the Court issued a NOSC regarding timeliness. (Doc. 9.) In the NOSC, after explaining how the one-year federal habeas limitation period is calculated, the Court stated:

> "Petitioner's direct review concluded when the KSC affirmed his convictions on August 5, 2016. Petitioner then had 90 days to seek review before the United States Supreme Court. When he did not do so, the one-year federal habeas limitation period began to run on approximately November 4, 2016. Petitioner filed his first K.S.A. 60-1507 motion in state court on August 29, 2017, tolling the one-year limitation period. Approximately 298 days of the one-year period had expired at that point, leaving approximately 67 days remaining.
> "The state district court denied Petitioner's 60-1507 motion on March 27, 2018. Thus, on April 28, 2018, when the 30 days during which Petitioner could have filed a timely notice of appeal were over, the one-year federal habeas limitation resumed running. [Citation omitted.] It expired 67 days later, on approximately July 4, 2018." *Id.* at p. 3-4.

Accordingly, because Petitioner did not file his federal habeas petition until September 2021, the Court concluded that the petition appeared to be untimely. *Id.* at 5. It directed Petitioner to show cause why the petition should not be dismissed as time-barred. *Id.* at p. 5-6. Petitioner filed his response to the NOSC on December 13, 2021, and filed an exhibit in support of his response on December 15, 2021. (Doc. 10.)

**Analysis**

Regarding the appeal of his first 60-1507 motion, Petitioner appears to contend that a pro se document requesting counsel that he filed in state district court on approximately April 14, 2018 should have been construed as a timely notice of appeal. (Doc. 10, p. 3-4.) Petitioner correctly points out that equitable tolling may be appropriate "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* at 4 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). However, even if this Court concluded that Petitioner's request for counsel was a "defective pleading" filed "during the statutory period" in which Petitioner could have appealed the denial of his first 60-1507, it would toll the federal habeas limitation period only until the date on which that appeal was resolved. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 434-35 (1965) (holding that when a plaintiff timely files an otherwise defective pleading that results in the state-court case being dismissed, the federal statute of limitations "is tolled during the pendency of the state suit").

As noted above and in the NOSC, at the time Petitioner filed his first 60-1507 motion in state court, approximately 67 days remained in the federal habeas limitation period. The district court

denied the motion and Petitioner appealed. The KCOA dismissed the appeal for lack of jurisdiction on December 13, 2019. (Doc. 8-1, p. 21.) Although Petitioner had 30 days in which to file a petition for review in the KSC, he did not do so. Assuming for purposes of calculating the federal habeas limitation period that Petitioner's motion for counsel was a timely but defective notice of appeal, the limitation period resumed running on or about January 13, 2020. It expired 67 days later, on approximately March 21, 2020. But Petitioner did not file his federal habeas petition until September 2021. Thus, even if Petitioner's request in state court for appointment of counsel merits equitable tolling, Petitioner's federal habeas petition is still untimely.

In his response to the NOSC, Petitioner also alleges that his 60-1507 motions were timely and he points out that his second 60-1507 motion alleged the ineffectiveness of counsel for failure to timely appeal the denial of his first 60-1507 motion. *Id.* at p. 1-2. He claims that therefore he is entitled to equitable tolling of the federal habeas statute of limitations because he diligently pursued his claims and the failure to timely file resulted from extraordinary circumstances beyond his control. *Id.* at 2.

Petitioner's timely filing of his first and second 60-1507 motions supports the conclusion that he has been diligently pursuing his claims in state court. It does not, however, support the conclusion that extraordinary circumstances beyond Petitioner's control have prevented him from timely filing his federal habeas petition. Moreover, the timely second 60-1507 motion does not affect calculation of the federal habeas limitation period because it was not filed before the federal limitation period expired. *See Clark*

*v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Thus, Petitioner has not persuaded the Court that equitable tolling renders his federal habeas petition timely.

The NOSC also explained the actual innocence exception to the federal habeas statute of limitations; to obtain this exception, a prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The prisoner "must establish that, in light of [the] new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327)). In his response to the NOSC, Petitioner does not allege that he qualifies for the actual innocence exception.

As the Court concluded in the NOSC, this matter was filed outside of the permissible time period. Even liberally construing Petitioner's response to the NOSC, as is appropriate since Petitioner proceeds pro se, Petitioner has not established circumstances that warrant equitable tolling to render his petition timely, nor has he come forward with the type of new evidence that justifies applying the actual innocence exception to the federal habeas limitation period. The Court will therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a

constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED**.

DATED:  This 16th day of December, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge