IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUTHER W. JOHNSON, III,

            Petitioner,

    v.                                        CASE NO. 21-3211-SAC

DAN SCHNURR,

            Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 16, 2021, the Court dismissed this matter as untimely and declined to issue a certificate of appealability. (Doc. 12.) Petitioner filed a notice of appeal to the Tenth Circuit (Doc. 14) and has filed a motion to appoint counsel (Doc. 17) and a motion for leave to appeal in forma pauperis (Doc. 18).

**Background**

    Petitioner was convicted in Wyandotte County, Kansas, and sentenced to a controlling sentence of life without the possibility of parole for 25 years, which the Kansas Supreme Court (KSC) affirmed. *State v. Johnson*, 304 Kan. 924, 927, 930 (2016). Petitioner then filed a timely motion for post-conviction relief under K.S.A. 60-1507, which the state district court denied, and the Kansas Court of Appeals (KCOA) dismissed the resulting appeal due to Petitioner's failure to timely file his notice of appeal. (Doc. 8-1, p. 21.) Petitioner filed a second 60-1507 motion on August 12, 2020, and a third 60-1507 motion on October 30, 2020.

On September 7, 2021, he filed the present § 2254 petition in this Court. (Doc. 1.) After reviewing the petition under Rule 4 of the Rules Governing Habeas Corpus and obtaining a limited pre-answer response from Respondent, the Court issued a Notice and Order to Show Cause (NOSC) regarding timeliness. (Doc. 9.) In the NOSC, after explaining how the one-year federal habeas limitation period is calculated, the Court concluded that the limitation period for Petitioner began to run on approximately November 4, 2016, and it ran until Petitioner filed his first K.S.A. 60-1507 motion on August 29, 2017. At that point, approximately 298 days of the limitation period had expired, leaving approximately 67 days remaining. The NOSC continued: "The state district court denied Petitioner's 60-1507 motion on March 27, 2018. Thus, on April 28, 2018, . . . the one-year federal habeas limitation resumed running [and] it expired 67 days later, on approximately July 4, 2018." *Id.* at 4.

Accordingly, because Petitioner did not file his federal habeas petition until September 2021, the Court concluded that the petition appeared to be untimely. *Id.* at 5. It directed Petitioner to show cause why the petition should not be dismissed as time-barred. *Id.* at p. 5-6. Petitioner filed his response and filed an exhibit in support of his response. (Docs. 10 and 11.) He argued that a pro se document requesting counsel which he filed in state district court on approximately April 14, 2018 should have been construed as a timely notice of appeal and, as a timely but defective pleading, that document warranted equitable tolling of the federal habeas limitation period.

The Court carefully reviewed the response and exhibit and, in an order dated December 16, 2021, the Court dismissed Petitioner's

petition as untimely. (Doc. 12.) The Court pointed out that even if it characterized Petitioner's April 2018 request for counsel as a defective but timely notice of appeal of his first 60-1507, it would toll the federal habeas limitation period only until the date on which that 60-1507 appeal was resolved. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 434-35 (1965). The KCOA dismissed the appeal for lack of jurisdiction on December 13, 2019, so the federal habeas limitation period would have resumed running on or about January 13, 2020. It would have expired 67 days later, on approximately March 21, 2020.[1] Petitioner did not file his federal habeas petition until September 2021.

Thus, even if Petitioner's request in state court for appointment of counsel merits equitable tolling, Petitioner's federal habeas petition is still untimely. The Court also rejected Petitioner's argument that he is entitled to equitable tolling of the federal habeas statute of limitations because he diligently pursued the claims in his second 60-1507 motion. The Court declined to issue a certificate of appealability. Petitioner filed a notice of appeal of the dismissal. (Doc. 14.)

**Motion to Appoint Counsel (Doc. 17)**

Petitioner now asks the Court to appoint counsel to assist him in his appeal, asserting that he needs counsel to access Wyandotte County District Court records that support his claim that his petition was timely based on the April 2018 document. (Doc. 17, 1-2.) Petitioner also asserts that the claims contained in his petition are meritorious and brought in good-faith.[2] *Id.* at 2-3.

---

[1] Petitioner's second 60-1507 motion was not filed until August 2020, well after the expiration of the federal habeas statute of limitations, so even under this analysis, it would not have tolled the federal statute of limitations.
[2] To the extent that Petitioner's motion to appoint counsel can be liberally

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

As the Court has already explained, even if the April 2018 document is construed as a timely but defective notice of appeal, the equitable tolling that results does not make the current petition timely. Petitioner does not identify any documents in the Wyandotte County District Court that, if obtained through counsel, could alter this analysis. Thus, the Court concludes that the interests of justice do not warrant appointment of counsel to assist Petitioner in pursuing his appeal. The motion to appoint counsel will be denied.

---

construed to assert an actual innocence claim (see Doc. 17, p. 2), Petitioner did not raise an actual innocence claim to the Court in his response to the NOSC, so that argument is not addressed in the present order.

**Motion to Proceed in Forma Pauperis (Doc. 18)**

Petitioner seeks to appeal in forma pauperis (IFP). He asserts that this Court already has granted him IFP status, but the Court's records do not support this assertion. Petitioner filed a motion to proceed IFP on October 12, 2021. (Doc. 6.) Nine days later, however, while his motion was pending, the $5.00 statutory filing fee was paid. Thus, in an order dated November 1, 2021, the motion to proceed IFP was denied as moot. (Doc. 7.) Petitioner also asserts that he is pursuing an appeal in good faith and he believes that his claims have substantial merit. (Doc. 18.)

"'To qualify for [IFP] status, a petitioner must show "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."'" *Drennan v. Pryor*, 662 Fed. Appx. 565, 570 (10th Cir. 2016) (citations omitted); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). The financial information submitted with Petitioner's October 2021 motion to proceed IFP, which is the only financial information before the Court, showed that Petitioner's inmate account balance was $1,992.64. (Doc. 6-1.) Thus, Petitioner has not demonstrated that he is financially unable to pay the required fee to pursue his appeal. The motion to proceed on appeal IFP will be denied without prejudice. Petitioner may resubmit a motion to proceed on appeal IFP with updated financial information if he so desires.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 17) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In

Forma Pauperis (Doc. 18) is **denied without prejudice**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 31st day of January, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge